<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| J.D., on behalf of C.D., a minor child, | : | **Civil Action No. 20-1882 (SRC)** |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **OPINION** |
| v. | : |  |
|  | : |  |
| COMMISSIONER OF | : |  |
| SOCIAL SECURITY, | : |  |
| Defendant. | : |  |
|  | : |  |
|  | : |  |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff J.D. on behalf of C.D. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act").   This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and has considered the submissions of the parties. It proceeds to rule on the appeal without oral argument. <u>See</u> Fed. R. Civ. P. 78(b). For the reasons that follow, the Court affirms the decision of the Commissioner.

J.D., C.D.'s mother, applied for supplemental security income ("SSI"), alleging disability beginning on the child's date of birth, April 6, 2013.   Plaintiff's claim for SSI was denied by the Social Security Administration.   Over several years, Plaintiff appealed the Commissioner's decision to this Court; the case was remanded pursuant to a consent decree, and the Appeals Council remanded the case for a new hearing.   On May 1, 2019, the new hearing was held before Administrative Law Judge Dennis O'Leary.   On October 24, 2019, the ALJ issued a

1

written opinion denying the application.   After Plaintiff's request for review to the Appeals

Council was denied, Plaintiff appealed the Commissioner's decision to the United States District

Court for the District of New Jersey.

In the decision dated October 24, 2019, the ALJ found that C.D. had not been disabled

since the date of application, December 16, 2013.   After considering the evidence of record, the

ALJ found that C.D. does not have an impairment or a combination of impairments that result in

either an extreme limitation in one domain of functioning or marked limitations in two domains

of functioning, as required for a finding of disability in a child.   Thus, the ALJ determined that

Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the

case remanded on three grounds: 1) the ALJ disregarded the clear direction of the Appeals

Council; 2) the ALJ failed to consider closed periods of disability earlier than the year before the

hearing; and 3) at step three, the ALJ substituted lay speculation for qualifying evidence of

disability.

Plaintiff first argues that the ALJ disregarded the clear instructions of the Appeals

Council in its remand order, dated November 27, 2018, which directed the ALJ, on remand, to

"[o]btain evidence from a medical expert related to the nature, severity, and functional

limitations resulting from the claimant's impairments, including development delay."   (Tr. 573.)

Although this Court has consistently held that § 405(g) authorizes judicial review of only the

final decision of the Commissioner, and that the internal processes of the agency do not fall

within the scope of this statutory authorization, the Court nonetheless considered Plaintiff's

argument.   In opposition, the Commissioner responds that Plaintiff is incorrect, and points to the

report of Dr. Surinder Sodhi, dated September 11, 2019.   (Tr. 677-679.)   The Commissioner contends that Dr. Sodhi is a board-certified pediatrician with expertise in developmental disabilities.   Dr. Sodhi states that he examined the child and performed a developmental assessment, and found a six-year old child performing at the six-year old level in all four areas evaluated: personal social skills, fine motor skills, language, and gross motor skills.   (Tr. 678.) The ALJ cites and relies on Dr. Sodhi's opinion in the decision.   (Tr. 467.)   Plaintiff did not file any reply, and this Court construes Plaintiff's silence as a concession that the Commissioner is correct.

Plaintiff argues as well that, while perhaps the ALJ was correct that the child showed significant improvement in the year prior to the ALJ's hearing, that does not mean that there was no closed period of disability in the preceding five years.   As a point in the abstract, Plaintiff is correct, but abstract possibilities of prejudice alone are not sufficient to prevail on appeal.

Ultimately, this argument, as well as Plaintiff's other argument of error, suffer from two principal defects: 1) they fail to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) they fail to deal with the harmless error doctrine.   As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how her impairments, whether individually or in combination, amount to a qualifying disability.   Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination.   The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."   Id.   In such a

case, "the claimant has the 'burden' of showing that an error was harmful."   Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful.   At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability.   In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful. It is not enough to show the presence of an error.   Pursuant to Shinseki, Plaintiff bears the burden of proving that she was harmed by this error.

Plaintiff, however, in arguing that the ALJ might have missed an earlier closed period of disability, fails to even attempt to muster the evidence to demonstrate that, in fact, the evidence of record supports finding any specific earlier period of disability and, therefore, that she was harmed by the ALJ's failure to make this finding.   Plaintiff bears this burden on appeal and has not carried it.

Plaintiff's other challenges to the evidentiary basis of the ALJ's decision at step three suffer from the same defects.   At step three, in brief, the ALJ must assess the child's functioning in six domains, as set forth in 20 C.F.R. § 416.926a.   Plaintiff argues that the ALJ ignored the evidence of marked and extreme limitations in these domains, and relied instead on his own lay speculation about the medical evidence.   Again, however, Plaintiff does not even attempt to muster the evidence to make a demonstration that the evidence of record shows that the requirements set forth in 20 C.F.R. § 416.926a were met.   Plaintiff has failed to carry her burden of proof on appeal.

Plaintiff has failed to persuade this Court that the ALJ erred in his decision, or that she

was harmed by any errors. This Court finds that the Commissioner's decision is supported by

substantial evidence and is affirmed.

_____ s/ Stanley R. Chesler _____
STANLEY R. CHESLER, U.S.D.J.

Dated: September 17, 2021